UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

HDR FARMS INCORPORATED                                             CASE NO. 20-50888

DEBTOR

HDR FARMS INCORPORATED
LIQUIDATING TRUST                                                  PLAINTIFF

V.                                                                 ADV. NO. 21-5166

APPLIED BOTANICS LLC F/K/A XSI                                     DEFENDANTS
USA, LLC, *et al.*

MEMORANDUM OPINION AND ORDER

The Plaintiff initiated this adversary proceeding on October 15, 2021, by filing a fourteen-count Complaint against seven defendants alleging breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and other related causes of action. [ECF No. 1.] The Plaintiff amended the Complaint on November 16, 2021. [ECF No. 17.] Responses to the Amended Complaint were due on December 17, 2021. [ECF No. 23.]

On November 22, 2021, the Defendants Annette Cox and Todd Mercer moved for summary judgment on Counts 6 and 7 of the Amended Complaint. [ECF Nos. 30, 31.] Counts 6 and 7 allege that Cox and Mercer are liable to the Plaintiff for aiding and abetting a breach of fiduciary duty owed to the Debtor HDR Farms Incorporated by the Defendant Kawal Laubach, a former officer also named as a defendant in the lawsuit. [ECF No. 17.]

Cox and Mercer argue the Amended Complaint fails to state a claim for aiding and abetting breach of fiduciary duty under Kentucky law. [ECF Nos. 30, 31.] The Plaintiff objects

1

and argues the Amended Complaint alleges sufficient facts to support the claims and further discovery will substantiate the allegations. [ECF No. 40.]

A hearing was held on December 16, 2021, and the matter taken under submission. The Motions are denied.

I. **Summary Judgment is Premature**.

The Motions request summary judgment on Counts 6 and 7 for failure to state a claim under which relief can be granted. This is an argument usually raised under Civil Rule 12(b)(6). *See* FED. R. CIV. P. 12(b)(6) (incorporated by FED. R. BANKR. P. 7012). A court evaluating a motion under Civil Rule 12(b)(6) is required to limit its review to the well-pled factual allegations in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations are accepted as true, and all reasonable inferences are drawn in the movant's favor. *Id.*

Cox and Mercer rely on facts outside the pleadings, so their Motions were filed as requests for summary judgment under Civil Rule 56. *See* FED. R. CIV. P. 12(d); *see also Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (a dismissal request is treated as a motion for summary judgment if a court considers matters outside the pleadings). Summary judgment is appropriate if the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56 (incorporated by FED. R. BANKR. P. 7056).

Civil Rule 12(d) also requires that all parties have a reasonable opportunity to complete discovery and present their positions. FED. R. CIV. P. 12(d). Thus, treating a Civil Rule 12(b)(6) motion to dismiss as a request for summary judgment is not appropriate when doing so may detrimentally affect a party's procedural rights. *See Oak Street Funding, LLC v. Blair (In re*

2

*Blair)*, Bankr. No. 11-14429, Adv. No. 12-1052, 2012 WL 4506913, at *10 (Bankr. E.D. Tenn. 2012).

Evaluating the Motions using a summary judgment standard is not appropriate under these circumstances. The time for filing pleadings only recently closed and the discovery deadline has not expired. [ECF No. 4, 23.] Evaluating the Motions using a summary judgment standard at this stage of the proceeding deprives the Plaintiff of its right to conduct discovery. It is therefore more appropriate to treat the Motions as requests to dismiss under Civil Rule 12(b)(6). *Blair*, 2012 WL 4506913 at *10 (a premature motion for summary judgment should be evaluated using a Civil Rule 12(b)(6) standard).

**II.    The Amended Complaint Plausibly States a Claim for Aiding and Abetting Breach of Fiduciary Duty**.

Kentucky law recognizes a claim of aiding and abetting a breach of fiduciary duty. *See Insight Kentucky Partners II, LP v. Preferred Auto. Servs., Inc.*, 514 S.W.3d 537, 546 (Ky. Ct. App. 2016) (recognizing that Kentucky follows the Restatement (Second) of Torts § 876 in defining the elements of aiding and abetting). *See also Cath. Health Initiatives, Inc. v. Wells*, No. 2016-CA-001919-MR, 2018 WL 3798562, at *3 (Ky. Ct. App. Aug. 10, 2018) (noting that the Kentucky Supreme Court recognized a claim of aiding and abetting a breach of fiduciary duty as a viable claim in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 485 (Ky. 1991)). Aiding and abetting a breach of fiduciary duty requires allegations of facts that show:

(1) the existence and breach of a fiduciary relationship;

(2) that the defendants gave the breaching party "substantial assistance or encouragement" in effectuating the breach; and

(3) that the defendants knew that the party's conduct breached that fiduciary duty.

*Insight*, 514 S.W.3d at 546 (citing *Miles Farm Supply, LLC v. Helena Chem. Co.*, 595 F.3d 663, 666 (6th Cir. 2010)).

The Amended Complaint alleges sufficient facts to support each of the required elements. The Plaintiff alleges LauBach, an officer of the Debtor, used the company's proprietary information to lure investors, including the Defendants Cox and Mercer, to invest in a competing company created by LauBach while acting in his fiduciary capacity. This supports a breach of a fiduciary duty. *See, e.g., Steelvest*, 807 S.W.2d at 484 (directors and officers may not set up, or attempt to set up, an enterprise which is competitive with the business in which the corporation is engaged while serving as directors and officers).

The Plaintiff also alleges Cox and Mercer knew LauBach was an officer and owed a duty of loyalty to the Debtor while courting investors for a competing company. *See Miles Farm Supply, LLC,* 595 F.3d at 666 (actual knowledge is required). The Plaintiff alleges that Cox and Mercer assisted the breach by investing in the competing company despite this knowledge. *See Insight*, 514 S.W.3d at 547 ("substantial assistance" means that a defendant's conduct was a substantial factor in causing the tort). These allegations support that Cox and Mercer gave substantial assistance or encouragement to LauBach's alleged breach while knowing that LauBach's conduct was improper.

The Amended Complaint plausibly alleges that Cox and Mercer aided and abetted LauBach's breach of fiduciary duty. Dismissal is therefore not appropriate.

**III.  Conclusion**.

Summary judgment is premature, and the Motions are better evaluated using a Civil Rule 12(b)(6) motion to dismiss standard. The Amended Complaint sufficiently alleges claims against Cox and Mercer for aiding and abetting a breach of fiduciary duty under Kentucky law. Therefore, it is ORDERED that the Motions [ECF Nos. 30, 31] are DENIED.

4

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Thursday, December 30, 2021**
(grs)