UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

HDR FARMS, INC.                                                                                              CASE NO. 20-50888

DEBTOR

HDR FARMS INCORPORATED
LIQUIDATING TRUST                                                                                       PLAINTIFF

V.                                                                                                                              ADV. NO. 21-5166

APPLIED BOTANICS LLC F/K/A XSI                                                           DEFENDANTS
USA, LLC, *et al.*

**MEMORANDUM OPINION**

The Plaintiff filed an adversary complaint alleging fourteen counts against seven defendants to avoid certain transfers and recover damages. [ECF Nos. 1, 17.] The Plaintiff specifically seeks damages from the Defendant Kawal Laubach for his alleged breach of fiduciary duty, fraud, and usurpation of corporate opportunity based on allegations that Laubach diverted $2.6 million in total investments intended for the Debtor HDR Farms, Inc., to a company that Laubach founded while an officer of the Debtor. [*Id.*]

Laubach filed a combined Answer to the Amended Complaint generally denying the allegations and a Third-Party Complaint seeking apportionment and common law indemnity from Danny Plyler, Steve Bragg, Stewart Wakeley, Kent Harley, Gloria Davis, and Damon "Dak" Davis (collectively, the "Third-Party Defendants"). [ECF No. 42.] The Third-Party Defendants are also former officers and board members of the Debtor.

Wakeley and the Davis parties moved to dismiss the Third-Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (incorporated by Federal Rule of Bankruptcy Procedure

1

7012). [ECF No. 101.] Bragg also moved to dismiss on similar grounds. [ECF No. 102.] Plyler and Harley have not responded to the Third-Party Complaint.

The parties briefed the issues. [ECF Nos. 113, 116.] A hearing was held on February 17, 2022, and the matter submitted. [ECF No. 126.] The Motions to Dismiss are granted and the Third-Party Complaint is dismissed.

I. **The Factual Allegations**.

   A. **The Amended Complaint.**

The Plaintiff alleges that Laubach, with the help of several other defendants, diverted $2.6 million in investments from the Debtor to the Defendant XSI USA, Inc., a competing company created by Laubach while serving as the Debtor's President. [ECF No. 17.] The Plaintiff claims it is entitled to compensatory and punitive damages from Laubach based on four causes of action: (1) breach of fiduciary duty (Count 1); (2) fraudulent misrepresentation (Count 10); (3) fraudulent omission (Count 11); and (4) usurpation of corporate opportunity (Count 12). [*Id.*]

The Third-Party Complaint identifies seven actions by Laubach that are the basis of the breach of fiduciary duty claim:

> (1) colluding with the Defendant Dean Johnson to form XSI in direct competition with the Debtor;
>
> (2) concealing Johnson's signed non-disclosure agreement;
>
> (3) knowingly and intentionally engaging in conduct designed to deprive the Debtor of investments into the corporation from the Defendants Annette Cox and Todd Mercer;
>
> (4) failing to disclose correspondence and transactions with Cox and Mercer for the investment into the Debtor;
>
> (5) delivering the Debtor's confidential financial and other proprietary information to Cox without requiring any binding commitment from Cox to preserve confidentiality and restrict competitive actions by Cox that could harm the Debtor;

  (6) delivering the Debtor's confidential financial and other proprietary information to Mercer without requiring any binding commitment from Mercer to preserve confidentiality and restrict competitive actions by Mercer that could harm the Debtor; and

  (7) diverting the combined $2.6 million investments from Cox and Mercer away from the Debtor and into XSI.

[*Id*. at ¶¶ 90-96.]

  The Plaintiff also seeks damages for fraudulent omission and misrepresentation based on Laubach's failure to disclose Cox's interest in investing in the Debtor and his representations that "there were no potential investors in HDR Farms" and XSI "would provide substantial cash flow for HDR Farms." [*Id*. at ¶¶ 162, 173.] The Plaintiff further alleges that Laubach usurped a corporate opportunity for the Debtor by devising an "an artifice" to profit from the investment opportunity "without sharing the benefits of the investment opportunity with HDR Farms." [*Id*. at ¶¶ 180-181.]

  **B. The Third-Party Complaint.**

  Laubach denies the Plaintiff's allegations and claims his actions were approved by the Debtor's Board. He believes the Debtor's financial demise was caused by the "poor business decisions, dereliction of duties by its Board members and their proxies, self-dealing, misrepresentations, and breaches of fiduciary duties" of the Third-Party Defendants. [ECF No. 42 at ¶¶ 9, 35.]

  Laubach alleges that Plyler and Bragg lacked the necessary business experience and skills to operate the Debtor. [*Id*. at ¶¶ 16-18, 22.] He claims that Plyler and Bragg took advantage of the Debtor's resources and hired friends and family members who clashed and created strife in the business. [*Id*. at ¶¶ 20-21, 23-24.] He further blames Plyler for interfering with new investments and Bragg for his attempts to control the Board by appointment of his close friends

3

Harley, Wakely and the Davis parties. [*Id*. at ¶¶ 26-30, 32-34.] Laubach asserts that the creation of XSI was meant to benefit the Debtor and his interest and actions were disclosed to, and approved by, the Board. [*Id*. at ¶¶ 31, 37.]

Based on these allegations, Laubach seeks apportionment and indemnification from the Third-Party Defendants to the extent he is found liable for the damages sought by the Plaintiff. [*Id*. at ¶¶ 44-48.]

## II. The Motion to Dismiss Standard.

The movants seek to dismiss the Third-Party Complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6) (incorporated by FED. R. BANKR. P. 7012). All factual allegations in the Third-Party Complaint are presumed true, and all reasonable inferences are drawn in favor of Laubach. *Bassett v. Nat'l Collegiate Athletic Ass'n.,* 528 F.3d 426, 430 (6th Cir. 2008).

To survive the Motions to Dismiss, the Third-Party Complaint must allege sufficient facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Bare assertions or legal conclusions are insufficient. *Id.* at 557. *See also Allard v. Weitzman* (*In re DeLorean Motor Co*.), 991 F.2d 1236, 1240 (6th Cir. 1993).

## III. The Third-Party Complaint Fails to State a Claim for Relief.

The Third-Party Complaint alleges facts to support two counts: (1) apportionment under K.R.S. § 411.182; and (2) common law indemnification. Apportionment is a statutory requirement and not a separate cause of action for relief. Further, the Third-Party Complaint fails to allege facts sufficient to support a claim for common law indemnification. Dismissal of the Third-Party Complaint is appropriate.

### A. Apportionment is Not a Cause of Action.

Laubach represents that apportionment of any damages is based on K.R.S. § 411.182:

(1) In all tort actions, including products liability actions, involving fault of more than one (1) party to the action, including third-party defendants and persons who have been released under subsection (4) of this section, the court, unless otherwise agreed by all parties, shall instruct the jury to answer interrogatories or, if there is no jury, shall make findings indicating:

   (a) The amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and

   (b) The percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability under subsection (4) of this section.

K.R.S. § 411.182.

Fault is apportioned if two or more joint tortfeasors are *in pari delicto* or guilty of "concurrent negligence of substantially the same character that converges to cause the plaintiff's damages." *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 778 (Ky. 2000). Apportionment is not a substantive cause of action, but a statutory right to request allocation of fault. *Griffin v. Honeywell Int'l, Inc.*, Civil Action No. 13-166-HRW, 2014 WL 6455209, at *4 (E.D. Ky. Nov. 13, 2014).

Laubach is required to file the Third-Party Complaint to seek apportionment from the Third-Party Defendants. *State Auto. Ins. Co. v. Burrell*, Civ. Action No. 17-cv-300, 2018 WL 2024617, *4 (E.D. Ky. May 1, 2018). But it is not necessary for the Third-Party Defendants to remain parties to the action to ultimately apportion fault. *Id*.

Laubach has preserved his right to request apportionment. He must still present evidence at trial to ultimately support an allocation of fault. But the Third-Party Defendants should be dismissed from this action unless Laubach sufficiently alleges facts to support his claim for common law indemnification.

### B. The Facts Do Not Support a Claim for Common Law Indemnification.

Unlike apportionment, indemnification is a separate cause of action available to one exposed to liability for the wrongful act of another with whom he or she is not *in pari delicto*. *Degener*, 27 S.W.3d at 780. Kentucky law permits recovery for two kinds of common law indemnification:

> (1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment; or
>
> (2) where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.

*Id*. (citations omitted).

Laubach argues he is entitled to indemnification from the Third-Party Defendants if held liable because they are the primary and efficient cause of the alleged damages suffered by the Plaintiff. The Third-Party Complaint must therefore allege facts to show that the Third-Party Defendants are the primary reason that the Debtor lost $2.6 million in combined investments to XSI. But the Third-Party Complaint does not allege any facts that suggest the Third-Party Defendants were responsible for the diversion of those funds.

**1. Steve Bragg.**

The Third-Party Complaint alleges that Bragg, an officer and Board member, misrepresented his experience and was unsophisticated, unprofessional, and a poor businessman. [ECF No. 42 at ¶¶ 17-18, 22, 34.] It claims that Bragg created strife within the Debtor's leadership and tried to inappropriately influence the Board. [*Id*. at ¶¶ 21, 32-33.] It also asserts that Bragg co-mingled funds and lived on the Debtor's property rent free. [*Id*. at ¶¶ 23-24.]

The allegations suggest that Bragg may have breached fiduciary duties owed to the Debtor.  But none of the allegations against Bragg tie his conduct to the diversion of the investments to XSI.

Laubach argues that he is entitled to seek indemnification from Bragg and other members of the Board because the Board knew his plans for XSI and approved them.  If the evidence supports Laubach's argument, then the evidence is a defense to Laubach's liability and not a basis for indemnification.

The allegations against Bragg are not sufficient to survive a motion to dismiss.

**2.  Stewart Wakeley.**

The Third-Party Complaint alleges that Wakeley was a shareholder and Board member. [*Id*. at ¶¶ 25, 32.]  It describes how Wakeley aided in Plyler's demotion and complained that Bragg had taken control of the Board.  [*Id*. at ¶¶ 26, 34.]  The Third-Party Complaint also describes how Wakeley participated in a search for investors, capital, and business opportunities for the Debtor.  [*Id*. at ¶ 27.]  None of this behavior is tortious or related to the diversion of investments to XSI.

Laubach is only entitled to indemnification if the Third-Party Defendants committed tortious acts that were the primary cause of the damages awarded against him.  *See Ronald A. Chisholm, Ltd. v. Am. Cold Storage, Inc*., No. 3:09-CV-00808-CRS, 2013 WL 4042036, at *2 (W.D. Ky. Aug. 8, 2013) (indemnity and apportionment arise only if there is a viable underlying tort claim).  The Third-Party Complaint does not allege that Wakeley did anything wrong. Laubach generally concludes in one paragraph that Wakeley and the other Third-Party Defendants were derelict in their duties and engaged in self-dealing, misrepresentations, and

7

breaches of fiduciary duties. [ECF No. 42 at ¶ 35.] But such conclusory allegations are not enough to survive a motion to dismiss. *Twombly*, 550 U.S. at 557.

The Third-Party Complaint fails to state a claim for indemnification against Wakeley.

### 3. Gloria and Dak Davis.

The Third-Party Complaint contains only one paragraph of factual allegations related to the Davis parties. It alleges that Bragg obtained control of the Debtor by appointing Gloria Davis, the mother of Dak Davis, to the Board. [*Id*. at ¶ 33.] Gloria did not participate in Board decisions, and instead appointed Dak as her agent and proxy. [*Id.*]

This single paragraph does not allege that the Davis parties took any actions other than Dak Davis' participation on the Board. The only allegations that suggest his participation was tortious are conclusory and not sufficient to overcome a motion to dismiss.

The Third-Party Complaint fails to state a claim for indemnification against the Davis parties.

### 4. Danny Plyler and Kent Harley.

Although Harley and Plyler have not entered an appearance or moved to dismiss the counts against them, an examination of the allegations using the same standard reveals the same deficiencies. The only allegation against Harley is that Harley is a friend of Bragg and was appointed to the Board. [ECF No. 42 at ¶ 33.] Further, the allegations against Plyler are primarily that Plyler is a poor businessman who caused strife within management. [*Id*. at ¶¶ 10-12, 15-18, 20-23, 26.] None of these allegations suggest tortious conduct by either party.

The Third-Party Complaint does allege that Plyler diverted investments away from the Debtor to his own competing company. [*Id*. at ¶ 30.] Even if true, Plyler's actions are unrelated

to the diversion of investments to XSI, which is the basis for the damages sought by the Plaintiff against Laubach.

The Third-Party Complaint fails to allege a cause of action for indemnification against Harley and Plyler as well.

**IV.  Conclusion.**

Apportionment is not an independent cause of action and there are no facts to support a claim for common law indemnification. Therefore, the Third-Party Complaint fails to state a claim against any of the Third-Party Defendants.

Based on the foregoing, it is ORDERED the Motions to Dismiss [ECF Nos. 101, 102] are GRANTED and the Third-Party Complaint [ECF No. 42] is DISMISSED.  A separate order of dismissal is entered concurrently herewith.

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
_Gregory R. Schaaf_
**Bankruptcy Judge**
**Dated: Wednesday, February 23, 2022**
(grs)