**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | |
|---|---|
| IN RE | |
| HDR FARMS INCORPORATED | CASE NO. 20-50888 |
| DEBTOR | |
| HDR FARMS INCORPORATED LIQUIDATING TRUST | PLAINTIFF |
| V. | ADV. NO. 21-5166 |
| APPLIED BOTANICS LLC f/k/a XSI USA, LLC, et al. | DEFENDANT |

**ORDER GRANTING MOTION TO EXTEND
COMPLIANCE DEADLINES AND CONTINUE TRIAL**

This matter is before the Court on the Plaintiff's Motion to Extend Pretrial Compliance Deadlines and Continue Trial. [ECF No. 167.] The Plaintiff contends that criminal allegations related to emails procured in discovery have hampered its ability to meet the April 26 discovery deadline. The Plaintiff seeks a one-month extension of the pretrial deadlines and trial.

The Defendants Cozen O'Connor, Annette Cox, Todd Mercer, and Kawal Laubach object. [ECF Nos. 171, 175, 176.] They argue the Plaintiff's inability to comply with the deadline is due to the Plaintiff's dilatory conduct and not criminal allegations related to a small number of documents. [*Id.*]

The objections have merit. The Plaintiff initiated this adversary proceeding on October 15, 2021. [ECF No. 1.] An Amended Complaint was filed on November 16, 2021. [ECF No. 17.] The standard Order for Trial was entered, and a trial scheduled for February 22, 2022. [ECF No. 4.]

1

The Plaintiff orally requested its first extension at a December 16, 2021, hearing on dispositive motions filed by Cox and Mercer. [ECF No. 46.] The deadline to answer or otherwise respond to the Amended Complaint had not passed, so an extension was appropriate.

The Plaintiff was encouraged to submit a scheduling order. No proposal was tendered, so the Court entered an Amended Order for Trial on January 7, 2022. [ECF No. 74.] The Amended Order for Trial accounted for the complexities of the litigation and continued the trial for four months to June 14, 2022. [*Id.*] A discovery deadline was set for April 26, 2022. [*Id.*]

On January 20, 2022, the Plaintiff moved for additional time to respond to written discovery requests served by Cox and Mercer in December 2021. [ECF No. 89.] Cox and Mercer objected. [ECF No. 90.] The objection was overruled without a hearing because the Plaintiff's request was not onerous or prejudicial. [ECF No. 95.] The Plaintiff was granted through and including February 10, 2022, to respond. [*Id.*] Cozen also granted the Plaintiff additional time to respond to its discovery. [ECF No. 99.]

Several defendants filed motions seeking dismissal of the claims against them and noticed the motions for hearing in February. [ECF Nos. 94, 101, 102, 106.] A status hearing was set to discuss the need for a further extension of the deadlines based on the vigorous motion practice. [ECF No. 104.] The Plaintiff also noticed a third request for an extension to respond to the discovery for the same day. [ECF No. 112.]

A status conference and hearing on the pending motions was held on February 17, 2022. [ECF No. 126.] The discovery delays and reasonableness of the pretrial deadlines and June 14 trial date was discussed. The Plaintiff represented that it could produce responses to Cox, Mercer, and Cozen by the end of February. The parties further agreed that the current deadlines

were reasonable if the Plaintiff timely produced written discovery prior to depositions scheduled in March.

On March 1, 2022, Cozen moved for a protective order because the Plaintiff had still not produced the discovery promised. [ECF No. 130.] Cozen also requested a status hearing to discuss "realistic pre-trial dates" to address the Plaintiff's delays. [*Id*.] The discovery issues were resolved by the parties without the need for a hearing. [ECF No. 132.] Cozen's request for a status hearing to discuss the deadlines was granted. [ECF No. 133.]

A second status conference was held March 17, 2022. [ECF No. 140.] The Plaintiff was warned that its discovery delays appeared dilatory. The Plaintiff conceded it was further behind than expected but reassured the Court that it was prepared to move quickly. The Defendants urged the Court to keep the current schedule despite the delays and the Plaintiff agreed.

Once again, the Plaintiff needs an extension. [ECF No. 167.] The Plaintiff blames the need for an extension on recent criminal allegations lodged against it and its counsel. The Plaintiff calls this a litigation tactic, and that seems very possible, if not likely.

But the record makes it difficult to give the Plaintiff too much leeway. Despite filing the complaint in October 2021 and the multiple hearings dealing with delays and extensions, the Plaintiff waited until March 25, 2022, to serve discovery on the Defendants. March 25 is exactly one month prior to the discovery deadline. [ECF Nos. 151-154.] The Defendants have noticed multiple depositions, but the Plaintiff only recently noticed its first deposition for a non-party and scheduled it one day after the deadline expires. [ECF No. 166.]

The Plaintiff argues that its expert is unable to review a group of emails to prepare a report because of the criminal allegations. But the Plaintiff has apparently had the emails for over a year and the Plaintiff waited until two weeks prior to the discovery deadline to even retain

an expert to review them. Further the Plaintiff has not explained why a small group of emails are so material that they will delay an expert report or why the Plaintiff waited until four days before the discovery deadline expired to ask for the extension even though the criminal allegations were lodged a month ago.

The Plaintiff is primarily to blame for its problems. But it is apparent from the record that this is a complex and litigious case. Laubach points out that there are 18,631 pages of written discovery and 610 pages of deposition testimony to date and further discovery to complete. It is likely the parties will file multiple dispositive motions that will require extensive briefing. Moreover, trial is likely to last more than a day. Thus, a short continuance to account for these issues is appropriate despite the Plaintiff's behavior. That said, the Plaintiff must stop dragging its feet and move quickly to complete discovery and prepare for trial as any additional requests for an extension will require extraordinary circumstances.

Therefore, based on the foregoing, it is ORDERED the Plaintiff's Motion to Extend Pretrial Compliance Deadlines and Continue Trial [ECF No. 167] is GRANTED. A separate scheduling order will follow.

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
Dated: Monday, April 25, 2022
(grs)