**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| **IN RE** | |
| **HDR FARMS INCORPORATED** | **CASE NO. 20-50888** |
| **DEBTOR** | |
| **HDR FARMS INCORPORATED LIQUIDATING TRUST** | **PLAINTIFF** |
| **V.** | **ADV. NO. 21-5166** |
| **APPLIED BOTANICS LLC f/k/a XSI USA, LLC, et al.** | **DEFENDANT** |

**ORDER TO SUPPLEMENT**

Discovery has closed and multiple Defendants have filed motions for summary judgment. [ECF Nos. 200, 203, 204, 209.] The parties responded and replied [ECF Nos. 211-215] and a hearing was held on July 21, 2022. [ECF No. 216.] After explaining the likely decisions, the motions were taken under submission with the promise that the issues of causation and damages are subject to additional study.

The Defendants argue the Plaintiff cannot prove they caused damages because there is no proof the Defendants Annette Cox and Todd Mercer ever intended to invest in the Debtor HDR Farms Incorporated. Underlying each count in the Amended Complaint is the Plaintiff's allegations that the Defendant Kawel Laubach breached his fiduciary duty by causing the creation of a separate company and diverting $2.6 million that Cox and Mercer planned to invest in HDR Farms to the new company. [*See* ECF No. 17, Count 1.] The other Defendants are allegedly liable because LauBach recruited them to join his scheme.

1

The Plaintiff's theory of causation and damages was considered during the July 21 oral argument. It appears from the comments made at the hearing that the Plaintiff is arguing that the Defendants' tortious conduct caused total damages in the amount of the diverted funds. But there is still uncertainty regarding the type of damages claimed and the necessary link to the facts presented. Civil Rule 56 provides for an opportunity to support or address a fact that is not sufficiently addressed by the papers. FED. R. CIV. P. 56 (incorporated by FED. R. BANKR. P. 7056). Additional information is necessary to determine whether there are genuine issues of material fact as to any losses suffered by the Defendants' conduct and the connection to the underlying causes.

Therefore, the Plaintiff is ORDERED to supplement the record with a specific statement of each type of damages claimed and the total amount sought for each type. The Plaintiff should follow that description with a reference to, and brief explanation of, the evidence the Plaintiff will produce at trial to show that the Defendants' conduct caused those damages and how the Plaintiff calculates the amounts claimed. If the Plaintiff refers to evidence outside the record, it should supplement the record with that evidence (or state why it is not in the record at this time).

The Plaintiff's supplement is limited to 10 pages and is due **on or before July 26, 2022**. The Defendants may file responses to the Plaintiff's supplement, limited to 5 pages, **on or before July 29, 2022, at 12:00 noon (EST)**.

2

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Friday, July 22, 2022**
(grs)