**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | |
|---|---|
| IN RE | |
| **HDR FARMS INCORPORATED** | **CASE NO. 20-50888** |
| DEBTOR | |
| **HDR FARMS INCORPORATED LIQUIDATING TRUST** | **PLAINTIFF** |
| V. | **ADV. NO. 21-5166** |
| **APPLIED BOTANICS LLC f/k/a XSI USA, LLC, et al.** | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER
DENYING SUMMARY JUDGMENT
(Laubach & Cozen O'Connor)**

The Plaintiff alleges that the Defendant Kawel Laubach, an officer and director of the Debtor HDR Farms Incorporated ("HDR Farms"), breached his fiduciary duty to the company and committed fraud by creating a new entity, XSi USA Inc. ("XSi USA"). The Plaintiff further alleges that Laubach recruited HDR Farm's legal counsel, Cozen O'Connor ("Cozen"), to aid and abet his breach and Cozen committed malpractice.

The Plaintiff also claimed that the Defendants Annette Cox and Todd Mercer aided and abetted Laubach's breach of fiduciary duty by diverting an aggregate $2.6 million investment into XSi USA instead of HDR Farms. The aiding and abetting claims against Cox and Mercer were dismissed on summary judgment because there was no proof Cox or Mercer ever diverted funds from HDR Farms or that they knew Laubach had, or allegedly breached, a fiduciary duty. [ECF Nos. 261 & 262.]

1

Laubach and Cozen argue the Plaintiff restricted its damages to the allegedly diverted funds. [ECF Nos. 200, 209.] They therefore seek summary judgment because the Plaintiff cannot show the right to recover the diverted funds. The Plaintiff concedes it primarily focused on recovery of investments made to XSi USA but argues HDR Farms was injured by the Defendants' conduct and suffered damages in other ways. [ECF No. 211.]

The Plaintiff has provided sufficient proof to show that Laubach and Cozen's conduct could have caused HDR Farms to suffer injury. Therefore, summary judgment is denied.

## I. Facts.

A summary of the factual background is included in the Memorandum Opinion granting summary judgment to the Defendants Cox and Mercer and incorporated herein by reference. [ECF No. 261.]

## II. There Are Genuine Issues of Fact that Preclude Summary Judgment.

Laubach and Cozen have the burden to show there is no evidence that HDR Farms was harmed by their actions. FED. R. CIV. P. 56(a) (incorporated by FED. R. BANKR. P. 7056); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

The Memorandum Opinion granting summary judgment to Cox and Mercer finds there is no proof any party intended to invest in HDR Farms. [ECF No. 261.] The Plaintiff can no longer rely on a claim that Laubach or Cozen facilitated the diversion of funds from HDR Farms to show injury. The Plaintiff must produce some proof that Laubach and Cozen's actions caused HDR Farms to suffer injury other than the lost investments to succeed in its claims. *See Baptist Physicians Lexington, Inc. v. New Lexington Clinic, P.S.C.*, 436 S.W.3d 189, 193 (Ky. 2014) (breach of fiduciary duty); *House v. Bristol-Myers Squibb Co.*, No. 3:15-CV-00894-JHM, 2017 WL 55876, at *8 (W.D. Ky. Jan. 4, 2017) (citing *Giddings & Lewis, Inc. v. Indus. Risk*

*Insurers*, 348 S.W.3d 729, 747 (Ky. 2011)) (fraud); *Patmon v. Hobbs*, 280 S.W.3d 589, 598 (Ky. Ct. App. 2009) (usurpation of corporate opportunity); *Insight Kentucky Partners II, LP v. Preferred Auto. Servs., Inc.*, 514 S.W.3d 537, 546 (Ky. Ct. App. 2016) (aiding and abetting a breach of fiduciary duty); *Marrs v. Kelly*, 95 S.W.3d 856, 860 (Ky. 2003) (legal malpractice).

The briefing and argument mostly focused on the alleged diversion of investments to XSi USA, so the Plaintiff was ordered to "supplement the record with a specific statement of each type of damages claimed and the total amount sought for each type." [ECF Nos. 221.] The Plaintiff was also required to include a reference or brief explanation of "the evidence the Plaintiff will produce at trial to show that the Defendants' conduct caused those damages and how Plaintiff calculates the amounts claimed." [*Id*.] The Plaintiff was further required to supplement the record with any additional evidence required to support its damages. [*Id*.]

The Plaintiff supplemented the record, and the Defendants filed their responses. [ECF Nos. 233, 238, 239.] Based on a review of the record and briefing, there are genuine issues of material fact that preclude summary judgment.

    **A. There Are Disputed Facts Regarding the Breach of Any Fiduciary Duty and Assistance with a Breach.**

    **1. Laubach May Have Breached His Fiduciary Duty to HDR Farms.**

Laubach, as a director and CEO of HDR Farms, owed a fiduciary duty to the company. *See Patmon*, 280 S.W.3d at 593-594. Laubach must act in HDR Farms' best interest while serving as an officer and director and may not set up an entity that competes with the business or usurps corporate opportunities. *Id.; Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 483 (Ky. 1991).

The evidence shows Laubach may have breached his fiduciary duty by creating XSi USA and resigning from HDR Farms to accept a role as CEO at the new company. There is evidence

that Laubach knew that he would own and work for XSi USA in October, well before he incorporated the new company and negotiated the terms of XSi USA's buyout of HDR Farms' assets. [Laubach Depo., ECF No. 211-1, at pp. 99-105.]

There is testimony that the other directors, Wakeley and Bragg, were aware that Laubach was establishing XSi USA as a solution to HDR Farms' financial problems. But there is also evidence that suggests Laubach was not honest in his disclosures and explanations. [*See* Bragg Depo., ECF No. 200-3, at pp. 114-123, 287-288; Wakeley Depo., ECF No. 200-7, at pp. 58-63, 88-92.] There is enough evidence that a reasonable factfinder could conclude that Laubach breached a fiduciary duty, acted fraudulently, or usurped a corporate opportunity.

**2. Cozen May Have Aided Laubach's Breach and Committed Legal Malpractice.**

An attorney's fiduciary duty to clients is more extensive than the duty an officer or director owes to the company. *See Daugherty v. Runner*, 581 S.W.2d 12, 16 (Ky. Ct. App. 1978) (an attorney has a higher duty than an ordinary agent owes his principal); *see also Alloy v. Wills Family Trust*, 179 Md. App. 255, 294-300 (Md. Ct. Spec. App. 2008) (an attorney's fiduciary duty to clients is more extensive). The evidence shows Cozen advised Laubach on incorporating XSi USA and his exit from management roles in HDR Farms while Cozen represented HDR Farms. [Bedwick Depo., ECF No. 211-4, at p. 26; Laubach Depo. at pp. 133-134; ECF No. 211-34.] Cozen provided these services as early as December, when Cozen drafted the legal documents to create XSi USA. [*Id.*] Cozen also facilitated the Cox investment by drafting the subscription agreement and related papers. [Bedwick Depo. at pp. 83-87.]

Cozen eventually obtained a conflict waiver letter dated January 6, 2020, so it could switch its allegiance from HDR Farms to XSi USA. [ECF No. 211-33.] But the waiver was provided well after Cozen drafted the documents necessary to incorporate the new company.

Further, the conflict waiver letter is only signed by Laubach, the alleged perpetrator and party that failed to pass on complete information. [*Id.*] This complicates any defenses by Laubach or Cozen because it suggests the directors were not fully informed about Laubach's true allegiances and the impact of Cozen's decision to represent XSi USA instead of HDR Farms.

This is enough to create a genuine issue of material fact regarding Cozen's involvement in any breach of fiduciary duty and possible legal malpractice.

**B. There Are Disputed Facts Regarding Injuries and Damages.**

Laubach and Cozen assumed for summary judgment purposes that their conduct was wrong. They argued the Plaintiff failed to connect a compensable injury to their conduct. *See, e.g., Doe v. Golden & Walters, PLLC*, 173 S.W.3d 260, 269 (Ky. Ct. App. 2005) (legal malpractice, breach of fiduciary duty, and fraudulent misrepresentation are predicated on the existence of cognizable injury). This argument is based on their belief that the Plaintiff is limited to recovering the amount of the investments diverted from HDR Farms pursuant to the Plaintiff's response to written discovery:

> INTERROGATORY NO. 12: Please state the damages you are claiming in this case against each of the Defendants and the method(s) by which you are computing same, and identify all documents reflecting the information responsive to this interrogatory, that is, all documents containing information supporting or evidencing such damages computation or claim.
>
> ANSWER:
> Each of the Defendants either breached or contributed to the breach of fiduciary duties and/or engaged in fraudulent conduct to divert $2.6 million in total investments that should have been infused into HDR Farms Incorporated through either a direct investment or partnership involving HDR Farms Incorporated and Applied Botanics LLC f/k/a XSI USA LLC. In addition thereto, the Defendants' tortious conduct caused HDR Farms Incorporated to be denied valuable business opportunities that included forecasted revenues in excess of $100 million within a three-year period according to Kawel LauBach's representations to Steve Bragg while Mr. LauBach was CEO of HDR Farms Incorporated.

5

[ECF No. 200-11.]

The Plaintiff countered that its claims are not limited to the $2.6 million invested in XSi USA. [ECF No. 211 at 23.] The supplement was required because briefing and oral argument did not fully develop the other damages implicated. [*See* ECF No. 221.] The supplement alleges HDR Farms also suffered the following categories of damages:

- $490,500.00 to $2,000,000.00 based on the value of the XSi USA Letter of Intent;
- $100,000 - $116,510,000.00 in lost profits;
- Nominal compensatory damages plus punitive damages;
- Disgorgement of fiduciary compensation; and
- Attorney fees.

[ECF No. 233.]

Laubach and Cozen argue these damages are not available because they were not timely disclosed in discovery. [ECF No. 238, 239]; s*ee, e,g., Seven Stars on the Hudson Corp. v. MDG Powerline Holdings, LLC (In re Seven Stars on the Hudson Corp*.), 637 B.R. 180, 211 (Bankr. S.D. Fla. 2022) (discovery is meaningless if parties can assert new theories to respond to summary judgment). The argument has merit for some, but not all, of the damages claimed.

**1. HDR Farms Suffered Injury Other Than the Diversion of Investments.**

It is important to distinguish between an injury as a required element of a cause of action and the damages that might flow from that injury. The parties, and some case law, use the terms "damages," "injury," "loss," and "harm" interchangeably. But there is a difference between the injury suffered and the damages a party might recover. A plaintiff can suffer injury without quantifiable damages. *See, e.g., Alloy*, 179 Md. App. at 294-300.

The response to Interrogatory No. 12 goes beyond the failed argument that the investments are recoverable because they were diverted from HDR Farms to XSi USA. The

6

second paragraph refers to HDR Farms' loss of "valuable business opportunities" that the Plaintiff calculates as "$100 million within a three-year period" based on Laubach's representations. [ECF No. 200-11.] This interrogatory response indicates HDR Farms suffered injury beyond the loss of investments.

It is not hard to believe HDR Farms could have suffered harm even if Cox and Mercer never intended to invest in HDR Farms. The testimony from the other directors of HDR Farms suggests Laubach misrepresented or omitted information regarding the deal with XSi USA. If proven, Laubach deprived the directors of an opportunity to fairly evaluate the transaction and protect HDR Farms' interests. If the evidence shows Laubach was self-dealing at HDR Farms' expense, then HDR Farms suffered the loss of his loyalty and the opportunity to negotiate a better deal with XSi USA or another company.

Cozen was providing advice to Laubach, not the directors, suggesting it was not fulfilling its duty to HDR Farms to protect its client from Laubach's breach. The evidence could allow a conclusion that Laubach and Cozen benefited at HDR Farms' expense by using its resources and assets to create an opportunity to abandon ship for a better opportunity.

Losses related to these injuries are hard, and perhaps impossible, to quantify. But it is enough to satisfy the possibility of an injury for the causes of action asserted.

**2. The Plaintiff May Not Recover Damages That Were Not Timely Disclosed.**

HDR Farms might have suffered an injury, but damages that were not disclosed are not available. Interrogatories narrow the focus and extent of discovery, clarify the issues, and reduce the likelihood of a surprise at trial. *In re Dow Corning Corp.*, No. 95-CV-20512-DT, 2010 WL 3927728, at *12 (E.D. Mich. June 15, 2010) (citing *Starcher v. Correctional Med. Sys., Inc.,* 144 F.3d 418, 421 n. 2 (6th Cir.1998)); *see also Kyker v. Malone Freight Lines*, 17 F.R.D. 393, 394

(E.D. Tenn. 1955); 8B CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. CIV. § 2162 (3d ed. 2022). A party has a continuing obligation to supplement its response to interrogatories "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1) (made applicable by Fed. R. Bankr. Proc. 7026).

The failure to supplement the interrogatory responses can preclude the Plaintiff from seeking those damages unless the failure is "substantially justified or is harmless." FED. R. CIV. P. 37(c)(1); (made applicable by Fed. R. Bankr. Proc. 7037); *see also Big Lots Stores, Inc. v. Luv N' Care, Ltd.*, 302 F. App'x 423, 429 (6th Cir. 2008). The Plaintiff has the burden to prove substantial justification or harmlessness. *See, e.g., Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003); *Bell-Coker v. City of Lansing*, No. 1:07-CV-812, 2009 WL 166556, at *5 (W.D. Mich. Jan. 21, 2009). The Plaintiff has not provided a reason for the omission of certain damages other than its primary focus on recovery of the investments.

The Plaintiff may pursue nominal and punitive damages. Attorney fees are not ripe for consideration until after trial. *See generally* FED. R. CIV. PROC. 54 (made applicable by Fed. R. Bankr. Proc. 7054); *see also Hunt v. Hadden*, 127 F. Supp. 3d 780, 788 (E.D. Mich. 2015), aff'd, 665 F. App'x 435 (6th Cir. 2016); *Rissman v. Rissman*, 229 F.3d 586, 588 (7th Cir. 2000). The Plaintiff may not pursue the other theories of damages because it is unfair to the Defendants.

### 3. The Plaintiff May Seek to Recover Nominal and Punitive Damages.

Nominal damages are a trivial sum of money awarded to a litigant that establishes a cause of action but does not quantify damages. *See, e.g., Smith v. Jordan*, No. 2017-CA-000918-MR, 2019 WL 2563256, at *8 (Ky. Ct. App. June 21, 2019). The evidence, if true, could prove the

Defendants' conduct caused HDR Farms to suffer an injury. If the Plaintiff is unable to prove the amount of actual damages, it may still recover nominal damages.

Kentucky law allows assessment of punitive damages even if the only other damages are nominal. *See, e.g., Tavadia v. Mitchell*, 564 S.W.3d 322, 327-28 (Ky. Ct. App. 2018); *Curry v. Collins*, No. 2003-CA-000298-MR, 2004 WL 2072296, at *2 (Ky. Ct. App. Sept. 17, 2004). A punitive damages award based on nominal damages is possible without violating constitutional principles. *Fastenel Co. v. Crawford*, 609 F. Supp. 2d 650, 659 (E.D. Ky. 2009) (the absence of actual damages need not bar an award of punitive damages). Reasonable punitive damages further the state's legitimate interests in punishment and deterrence. *Ragland v. Digiuro*, 352 S.W.3d 908, 916 (Ky. App. 2010); *see also Alloy*, 179 Md. App. at 299 (the judgment could deter the disloyalty involved or act as a catalyst for changes in management or dissolution).

The Plaintiff's failure to disclose nominal or punitive damages in its interrogatory response is not harmful or a surprise. Nominal damages are assessed by the Court, so there is no amount the Plaintiff could have disclosed. Punitive damages were also requested in the Amended Complaint. [ECF No. 17.] Further, a failure to disclose a punitive damages computation is harmless. *See Conn v. Deskins*, No. CV 16-87-ART, 2017 WL 1738084, at *3 (E.D. Ky. Mar. 7, 2017). There are material disputed facts that require evidence to support a nominal and/or punitive damages award.

### 4. The Plaintiff Is Precluded from Recovering Other Damages Untimely Identified in the Supplement.

Interrogatory No. 12 asked for the damages suffered <u>and</u> the method for calculating the damages <u>and</u> the documents that support the calculation. The Plaintiff did not timely disclose this information for the remaining damage categories listed in its supplement, and allowing the Plaintiff to proceed under these new theories would prejudice the Defendants.

### i. Letter of Intent Damages.

The Plaintiff did not tell the Defendants it would seek up to $2,000,000.00 in damages based on the value of the non-binding letter of intent with XSi USA. The Plaintiff has not even explained how a non-binding agreement could have caused a loss. The Plaintiff would have to argue the non-binding agreement somehow became a binding contract that imposed a duty on the Defendants or explain how actions of the tortfeasors may have interfered with completing the arrangement.

It reasonable to expect the Plaintiff to identify the letter of intent and describe the damages that could flow therefrom. The lack of information usurps the Defendants' opportunity to question the Plaintiff's witnesses regarding the formation of a contract or possible interference, and calculation of the losses. The Defendants therefore cannot mount a defense now and are prejudiced if the Plaintiff is allowed to purse these damages.

### ii. Lost Profits.

The response to Interrogatory No. 12 discloses a claim for lost business opportunities. Lost business opportunities would likely include lost profits from those opportunities. But the Plaintiff's supplement states that Bragg will testify about the amount of lost profits. [ECF No. 233.]

This disclosure is contrary to the Plaintiff's initial response that it will rely on Laubach's testimony prior to his departure to support these damages. The Plaintiff's failure to identify Bragg as the source for the calculation and clarify that the information was obtained after Laubach left HDR Farms is prejudicial. It deprives Laubach and Cozen of an opportunity to question Bragg about this issue or conduct additional discovery on lost profits.

Further, expert testimony is generally required to determine lost profit damages. *City of Hillview v. Truck Am. Training, LLC*, No. 2012-CA-001910-MR, 2014 WL 891478, at *5 (Ky. Ct. App. March 7, 2014); *see also Ask Chems., LP v. Computer Packages, Inc.*, 593 Fed. Appx. 506, 511 (6th Cir. 2014) (applying Ohio law). The Plaintiff has not identified an expert and discovery is closed.

### iii. Disgorgement.

Disgorgement is not addressed in the Amended Complaint, and the Plaintiff did not supplement its discovery response or otherwise disclose that it would seek disgorgement. [*See* ECF No. 17.] Further, the Plaintiff indicated at a February hearing on a request to dismiss Laubach's counterclaims that it did not expect to pursue recovery of compensation. [ECF No. 126.] The hearing was held before discovery commenced, so the Plaintiff might receive some deference if it had clarified the record in a timely fashion.

Also, disgorgement of legal fees from Cozen is meaningless. Cozen only received $134.00 from HDR Farms. [ECF No. 213 at 12.] This would not even cover the filing fee for a recovery action. Therefore, it is not reasonable to assume the Plaintiff ever legitimately considered such a recovery from Cozen. This also supports the Defendants' claims that the Plaintiff did not intend to pursue disgorgement until it discovered that it could not recover the investments by or involving Cox and Mercer.

## III. Conclusion.

There is evidence that HDR Farms suffered a loss sufficient to support the Plaintiff's causes of action alleged against Laubach and Cozen. There are genuine issues of fact that preclude summary judgment. If the Plaintiff is successful at trial, it may recover nominal and/or punitive damages and seek attorneys' fees, if permitted by law.

Based on the foregoing, it is ORDERED Laubach and Cozen's Motions for Summary Judgment [ECF No. 200, 209] are DENIED.

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Wednesday, August 31, 2022**
(grs)