UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| HDR FARMS INCORPORATED | CASE NO. 20-50888-GRS |
| Debtor. | |
| HDR FARMS INCORPORATED LIQUIDATING TRUST, | |
| Plaintiff, | |
| v. | AP NO. 21-05166-GRS |
| APPLIED BOTANICS LLC f/k/a XSI USA, LLC, et al. | **DEFENDANT KAWEL LAUBACH'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO CERTAIN OF DEFENDANTS' JOINT EXHIBITS** |
| Defendants. | |

Defendant Kawel LauBach ("Mr. LauBach") files this response ("Response") to Objections to Certain of Defendants' Joint Exhibits ("Objections") [ECF# 276] filed by Plaintiff HDR Farms Incorporated Liquidating Trust ("Plaintiff"). Plaintiff asserts these certain Defendants' Joint Exhibits ("DJXs") are objectionable as to authenticity, admissibility, and timeliness. The Objections should be overruled.

All of the DJXs were timely filed, and Plaintiff has only itself to blame for being ill-prepared for trial. Throughout this litigation, Plaintiff struggled with the pace of discovery. Most evident was the March 17, 2022 hearing[1] in which the Court expressed concern that Plaintiff was dilatory [ECF# 140]. Regarding discovery initiated by Plaintiff, it was not until March 25, 2022 that Plaintiff served written discovery on Mr. LauBach, a mere 31 days before close of the extended discovery period [ECF# 74][2]. Plaintiff put forth minimal effort in these

---

[1] At this March 17, 2022 status conference, a discussion occurred concerning unanswered discovery propounded to Plaintiff in December 2021.
[2] Ultimately, the Court issued a Second Amended Order for Trial which extended discovery through May 26, 2022.

842221:1

discovery requests to Mr. LauBach which is readily apparent in the attached Exhibit "A". The requests are barebones which Plaintiff now realizes. Plaintiff cannot exclude exhibits it should have requested. Thus, Defendants had no duty to produce any of these exhibits during the discovery period. For the additional reasons below, all of the DJX's are admissible, and Plaintiff's Objections should be overruled.

**A.     DJX065**

This exhibit consists of a December 20, 2020 e-mail from Steve Bragg, which copied Mr. LauBach, containing what Mr. Bragg describes as a "Cloning Model Draft". DJX065 is identical in all aspects to Plaintiff's Exhibit 68, thus its source and authenticity can be confirmed. DJX065 is relevant, otherwise it would not have been selected as Plaintiff's Exhibit 68. Moreover, it is Plaintiff which should have produced DJX065 to Defendants pursuant to Mr. LauBach's Requests for Production of Documents Nos. 18 and 19. *See* Exhibit "B". DJX065 is admissible over Plaintiff's Objections.

**B.     DJX138**

This exhibit consists of an April 24, 2020 e-mail from now Trustee Stewart Wakeley to Defendant Dean Johnson in which Mr. Wakeley "appreciates the life line [Mr. Johnson] and KL [Kawel Laubach] threw" to save HDR Farms, criticizes Steve Bragg for "playing Mr. Big …all the while sucking up $10K per month, in a struggling company," and requests that Mr. Johnson "say hey to KL" for Mr. Wakeley. Mr. Wakeley generated this e-mail during the days of COVID 19 when HDR was shuttered and Mr. Bragg campaigned against the unanimous board vote required for XSi USA, LLC to buy out the shareholders. Plaintiff should have actually produced this document to Defendants pursuant to Mr. LauBach's Request for Production of

---

[ECF# 179].

Documents No. 22 which sought e-mails from accounts including stewartwakeley@outlook.com. *See* Exhibit "B". This exhibit should have also been produced pursuant to Mr. LauBach's Requests for Production of Documents Nos. 14 and 20. *See id.* This exhibit has always been in Mr. Wakeley's possession as it came from his account, stewartwakeley@outlook.com, and thus can be authenticated. DJX138 is admissible over Plaintiff's Objections.

**C.     DJX148**

This exhibit consists of timed and dated text communications from November 26, 2019 to March 24, 2020 between Steve Bragg and Mr. LauBach. Mr. Bragg is identified by name and mobile number[3]. Mr. LauBach can testify as to the authenticity of each of these texts should they be presented at trial as evidence. DJX148 is admissible over Plaintiff's Objections.

**D.     DJX156 and DJX157 (sic)**

DJX156 to which Plaintiff objects, is a transcription by Jolinda Todd, professional court reporter, of a December 1, 2021 phone call between Defendant Dean Johnson and trustee Stewart Wakeley shortly after initiation of this action. DJX157 to which Plaintiff objects is a copy of HDR Farm Board Minutes. Plaintiff likely intended to instead object to DJX158, a transcription by Mrs. Todd of a March 11, 2022 call between Mr. Johnson and Mr. Wakeley.

These exhibits show, in part, Mr. Wakeley's lack of understanding that Plaintiff, for whom he was acting as a trustee, had filed an actual lawsuit against Defendants, including Dean Johnson. Mr. Wakeley also did not seem to understand his active role in lawsuit and believed someone else was controlling the decisions by the Trust. Specifically, Mr. Wakeley states, "I can't remember what the letter says. If you're listed on there, then *they* must be saying that you did something bad, too, or bad or wrong.[4]" Throughout the conversation, Mr. Wakeley believes

---

[3] The number listed is (270) 403-5218, and is confirmed as Mr. Bragg's actual mobile number.
[4] DJX154, 30:23-25; 31:1  (Emphasis added).

that only a letter had been sent to various people and six times calls the filed complaint a letter.[5] Mr. Wakeley also, without prompting through any question by Mr. Johnson, noted that "probably some people are wondering why Danny's [Plyler] not listed on[6]" the complaint.

Contrary to the discourteous commentary by Plaintiff in the Objection, the transcriptions were the result of recordings by Defendant Dean Johnson, unrepresented by counsel, on his own volition, and not at the request or direction of Mr. LauBach or any other defendant. Mr. Johnson provided the recordings to Mr. LauBach, who in turn provided them directly to his counsel.

Plaintiff argues DJX156 and DJX157 are hearsay and should be excluded from evidence. Pursuant to Fed. R. Evid. 801(d)(2)(a), statements by an opposing party made by the party in his individual or representative capacity are not hearsay. Both Mr. Wakeley and Mr. Johnson are parties to this adversary proceeding. Further, the statements can be authenticated by under oath by either Mr. Wakeley or Mr. Johnson. These exhibits are admissible over Plaintiff's Objections.

### E.    DJX175

This exhibit consists of Undefined Income and Expense Charts which Plaintiff argues were not produced in discovery and should be excluded because they cannot be authenticated and are irrelevant. The bottom right corner of this two page exhibit contains the Bates Stamp **"HDR Trust09032"** and **"HDR Trust09033"**, which means they have been produced by Plaintiff pursuant to Defendants' discovery requests. Any argument as to authentication or relevance has no merit, as Plaintiff produced this exhibit to Defendants in discovery. The exhibit is admissible over Plaintiff's Objections.

---

[5] *Id.* at 30:23-24; 31:15, 22; 45:4, 8.
[6] *Id.* at 15:7-9.

## CONCLUSION

The exhibits to which Plaintiff objects were timely produced by Defendants, can be authenticated, and are admissible. Mr. LauBach respectfully requests that the Objections be overruled.

Respectfully submitted,

*/s/ Marshall R. Hixson*
Marshall R. Hixson
Chrisandrea Turner
Stites & Harbison, PLLC
250 W. Main Street
Suite 2300
Lexington, KY 40507
Phone: (859) 226-2300
E-Mail: mhixson@stites.com
        clturner@stites.com
*Counsel for Defendant Kawel LauBach*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served this the 5th day of October, 2022 via email to all counsel for the litigants hereto.

*/s/Marshall R. Hixson*
Counsel for Defendant Kawel LauBach

842221:1