**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | |
|---|---|
| IN RE | |
| HDR FARMS INCORPORATED | CASE NO. 20-50888 |
| DEBTOR | |
| HDR FARMS INCORPORATED LIQUIDATING TRUST | PLAINTIFF |
| V. | ADV. NO. 21-5166 |
| APPLIED BOTANICS LLC f/k/a XSI USA, LLC, et al. | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**

The Plaintiff filed a Complaint that alleges Defendant Kawel LauBach, a former officer and director of Debtor HDR Farms, Inc., breached fiduciary duties and committed fraud by creating and diverting investments to Defendant Applied Botanics LLC f/k/a XSi USA, LLC ("XSi USA"). [ECF Nos. 1, 17.] The Plaintiff also alleged Defendants Annette Cox and Todd Mercer, among others, aided and abetted the breaches and fraud.

Some of the Defendants were not served or dismissed early. The case progressed against LauBach, Cox, Mercer, and the Debtor's former legal counsel, Cozen O'Connor.

Cox and Mercer vigorously defended the allegations during the pleadings stage and discovery period. On April 27, 2022, counsel for Cox and Mercer sent a letter to Plaintiff's counsel arguing that discovery confirmed the Plaintiff's claims were meritless. [ECF No. 267-2, Ex. 1.] The letter also warned Plaintiff's counsel that Cox and Mercer would seek sanctions if the litigation continued. [*Id.*]

Discovery closed in early May 2022.  The Plaintiff's counsel responded to the letter on May 12 and refused to withdraw the claims.  [*Id*.]  On May 14, 2022, counsel for Cox and Mercer forwarded a draft of a motion seeking sanctions to Plaintiff's counsel.  [ECF No. 267-3, Ex. 2.]  The May 14 letter complied with the obligatory safe harbor provision in Rule 9011.  FED. R. BANKR. P. 9011(c)(1)(A).

The Plaintiff did not dismiss the claims and LauBach, Cox, Mercer, and Cozen each moved for summary judgment.  [ECF Nos. 200, 203, 204, 209.]  The Plaintiff filed a combined response to the summary judgment motions.  [ECF No. 211.]  Cox and Mercer were granted summary judgment on August 30, 2022.  [ECF Nos. 261, 262.]  LauBach's and Cozen's motions were denied [ECF No. 263], but judgment was entered in their favor after a trial in late October and early November 2022 [ECF Nos. 331, 332].

After summary judgment, Cox and Mercer moved for sanctions against the Plaintiff and its counsel (hereafter, references to the Plaintiff will include its lawyers) pursuant to Federal Rule of Bankruptcy Procedure 9011 and 28 U.S.C. § 1927.  [ECF No. 267.]  Rule 9011 provides requirements that apply to almost all pleadings and papers filed in a bankruptcy court.  FED. R. BANKR. P. 9011.  Section 1927 prohibits lawyers from taking actions that unreasonably or vexatiously multiply the proceedings. 28 U.S.C. § 1927.

The matter was fully briefed.  [ECF Nos. 322, 324, 325, 326.]  A hearing was held on December 6, 2022, and the matter taken under submission.  [ECF Nos. 329, 330.]  The record does not support an assessment of sanctions under Rule 9011 or § 1927.  The repercussion for the Plaintiff's decisions is judgment for the Defendants.

**I.    Facts.**

A detailed discussion of the facts is included in the Opinion granting summary judgment to Cox and Mercer [ECF No. 261] and the Trial Opinion [ECF No. 331]. That information is adopted herein, and other relevant facts are addressed in the analysis.

**II.    Discussion.**

**A.  Courts Considering Sanctions Must Use Restraint.**

Assessing Rule 9011 sanctions is discretionary. *B-Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 936 (6th Cir. 2010). Restraint is required. *In re Berghoff*, Case No. 06-10375, 2006 Bankr. LEXIS 1145, at *5 (Bankr. N.D. Ohio June 20, 2006); *see also In re Fulayter*, Case No. 19-53196, 2020 Bankr. LEXIS 1828, *4 (Bankr. E.D. Mich. July 9, 2020) ("Rule 9011 is written in the permissive."); *Santa Fe Minerals, Inc. v. BEPCO, L.P. (In re 15375 Mem'l Corp.)*, 430 B.R. 142, 150 (Bankr. D. Del. 2010). The court in *15375 Mem'l Corp.* provided these reasons:

> The standard for imposing sanctions under Rule 11 is stringent because such sanctions (1) are in "derogation of the general American policy of encouraging resort to the courts for peaceful resolution of disputes," (2) tend to "spawn satellite litigation counter-productive to efficient disposition of cases," and (3) "increase tensions among the litigation bar and between the bench and the bar."

430 B.R. at 150 (citations omitted).

Sanctions are also considered a severe remedy under 28 U.S.C. § 1927. *Rogers v. Bodenbender*, Case No. 3:15-cv-2514, 2016 U.S. Dist. LEXIS 176620, at *15-16 (N.D. Ohio Dec. 21, 2016)). One court explained:

> The sanctions authorized under section 1927 are not to be lightly imposed; nor are they to be triggered because a lawyer vigorously and zealously pressed his client's interests. The power to assess the fees against an attorney should be exercised with restraint lest the prospect thereof chill the ardor of proper and forceful advocacy on behalf of his client. To justify the imposition of excess costs of litigation upon an attorney his conduct must be of an egregious nature, stamped

3

by bad faith that is violative of recognized standards in the conduct of litigation. The section is directed against attorneys who willfully abuse judicial processes.

*Colucci v. New York Times Co.*, 533 F. Supp. 1011, 1013-1014 (S.D.N.Y. 1982) (footnotes omitted).

The movants must prove their allegations and restraint is required when considering the need for sanctions. *In re Gorges*, 590 B.R. 771, 795 (Bankr. E.D. Mich. 2018) (suggesting a preponderance of the evidence standard).

### B. Rule 9011 Sanctions are Not Assessed.

Rule 9011 requires a signature on substantially all papers filed in court that certifies: (1) the paper is not filed for an improper purpose (e.g., harassment; delay); (2) the requested relief is warranted by existing law (or there is a reasonable argument for change); and (3) the facts alleged are supported by evidence. FED. R. BANKR. P. 9011(a)-(b). The certification is made "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." FED. R. BANKR. P. 9011(b). A bankruptcy court may issue sanctions if an attorney, law firm, or party violates this rule. FED. R. BANKR. P. 9011(c).

Cox and Mercer argue the Plaintiff violated Rule 9011(b)(1) by filing the Complaint for an improper purpose. They also argue the Plaintiff violated Rule 9011(b)(3) because the Plaintiff did not properly investigate prior to filing and lacked a sound basis for the allegations in the Complaint.

### 1. The Allegation of Improper Purpose Does Not Support Sanctions.

Rule 9011 prohibits filing a complaint for an improper motive, including "to harass or to cause unnecessary delay or needless increase in the cost of litigation." FED. R. BANKR. P. 9011(b)(1). The review considers "objectively ascertainable" facts, and it does not matter how careful the investigation when there is an improper purpose. *Baermann v. Ryan (In re Ryan)*,

4

411 B.R. 609, 615 (Bankr. N.D. Ill. 2009). If the filing has some other purpose that does not indicate bad faith, however, sanctions might not follow. *In re Kunstler*, 914 F.2d 505, 518 (4th Cir. 1990); *Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995).

Cox and Mercer claim the Plaintiff improperly sued them because they had deep pockets and could pay a judgment. [ECF No. 267-1 at 4.] Considering a potential target's financial condition is not unreasonable on its face. Suit against a party that does not have resources to pay a judgment is not beneficial or efficient. But a suit solely to target a party that can pay, maybe to force settlement, would suggest an improper purpose.

There is little case law addressing a deep pockets argument for sanctions. Sanctions are not assessed if there is some merit to an argument beyond the target's financial resources. *Hadley v. Gerrie*, 124 B.R. 679, 686 (D.V.I. 1991), *aff'd sub nom. Gas House, Inc. v. Unicorp Am. Corp.*, 952 F.2d 1392 (3d Cir. 1991). A court might also consider the deep pockets argument when deciding the amount of sanctions. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Cont'l Illinois Corp.*, 113 F.R.D. 637, 644, n. 16 (N.D. Ill. 1987) (the likelihood deep pocket litigants will fight improper claims might mitigate the need for or amount of sanctions).

The movants focus on the problems with the Plaintiff's diversion theory to suggest bad intent. The Plaintiff primarily sought to recover investments attributed to Cox and Mercer that LauBach allegedly diverted to XSi USA. The Plaintiff was unsuccessful because it could not prove knowledge of the alleged breaches or that Cox and Mercer intended to invest in HDR Farms rather than XSi USA. [ECF No. 261.]

Diversion was not, however, the Plaintiff's only theory for recovery. The Plaintiff also alleged the investments provided a path for LauBach to leave HDR Farms at the expense of the

5

creditors and investors. [*See* ECF No. 17 at ¶ 145.]   The Plaintiff referred to this as the "financial runway" for LauBach to move to XSi USA. [ECF No. 267-2.]

An objective review of the record suggests at least a bare minimum justification for the allegations in the Complaint beyond a possible motivation to target Cox and Mercer for their deep pockets. [*See also* ECF No. 66 (finding the amended complaint plausibly states a claim against Cox and Mercer).] Justice is not served by imposition of sanctions for the claim of an improper purpose in this case.

### 2. The Allegation of an Insufficient Pre-Filing Investigation Does Not Support Sanctions.

Cox and Mercer argue discovery "revealed that counsel for the Trust did not have a reasonable or good faith basis formed after a reasonable inquiry for signing the First Amended Complaint …." [ECF No. 267-1 at 1-2.]  A lawyer who files a pleading or paper "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. BANKR. P. 9011(b)(3).

The test is whether the investigation was reasonable under the circumstances. *In re Wingerter*, 594 F.3d at 939-41.  The review is an objective one. *Johnston v. Hildebrand (In re Bagsby)*, 40 F.4th 740, 747 (6th Cir. 2022).  A pleading is not well-grounded in fact if the lawyer knew or should have known there was uncontradicted conflicting evidence.  But Rule 9011 does not require investigation to the point of absolute certainty. *Ryan*, 411 B.R. at 616 (citations omitted).

Cox and Mercer claim Plaintiff: (a) insufficiently investigated before filing the Complaint, and erroneously relied on LauBach's "CBDKY emails" curated by Co-Trustee Dak

6

Davis; (b) failed to preserve these emails; and (c) inappropriately engaged in discovery misconduct and trial delays. The evidence underlying these arguments does not objectively prove a deficient investigation.

### i. Potential or Actual Discovery Violations Do Not Impact the Analysis.

The Plaintiff's post-filing conduct is not relevant because Cox and Mercer seek sanctions based on the pre-filing investigation. [ECF No. 267.] Further, Rule 9011 does not apply to discovery disputes that are subject to Federal Rules of Bankruptcy Procedure 7026 and 7037 (which adopt the Civil Rules). FED. R. BANKR. P. 9011(c)(1)(A). The Defendants already requested sanctions for discovery violations and resolved the dispute by Agreed Order. [*See* ECF Nos. 191, 194, 199.] Even if the alleged abuses go beyond the referenced rules and were considered, there is not sufficient support to merit sanctions.

### ii. The Record Does Not Show An Unreasonable Investigation Under the Circumstances.

The quality of the investigation performed before filing is examined objectively without resort to hindsight. The Sixth Circuit examines:

- the time available to the signor for investigation;
- whether the signor had to rely on a client for information as to the facts underlying the pleading, motion, or other paper;
- whether the pleading, motion, or other paper was based on a plausible view of the law; or
- whether the signor depended on forwarding counsel or another member of the bar.

*Century Prods., Inc. v. Sutter*, 837 F.2d 247, 250-51 (6th Cir. 1988) (referencing FED. R. CIV. P. 11 Advisory Committee's Note to the 1983 Amendment); *see also Berman v. Bill Fields Trucking (In re HNRC Dissolution Co.)*, 330 B.R. 555, 557 (Bankr. E.D. Ky. 2005) (citing, *inter alia*, *Century Prods.*).

Courts in other circuits consider similar factors including "(a) the time available for investigating; (b) the extent the clients are relied upon for facts in support; (c) the feasibility of investigating pre-filing; (d) the complexity of the issues; and (e) the extent discovery is needed to develop the facts." *Kriet v. Claro Grp., LLC (In re Cleveland Imaging & Surgical Hosp., L.L.C.)*, Civil Action No. H-22-1408, 2022 U.S. Dist. LEXIS 145697, at *8 (S.D. Tex. Aug. 15, 2022) (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 444 (5th Cir. 1992) (discussing Rule 11 sanctions)); *see also Capital Factors v. General Plastics Corp. (In re General Plastics Corp.)*, 184 B.R. 996, 1004-05 (Bankr. S.D. Fla. 1995) (citing *Our Lady of the Lake* factors); *Ryan*, 411 B.R. at 616 (citing *Our Lady of the Lake* factors and adding "whether the case was accepted from another attorney").

There are two areas that merit consideration. Mercer believes the Plaintiff had sufficient time to conduct a more thorough pre-filing investigation to corroborate the emails and find he did not invest in XSi USA. Cox and Mercer also argue it was not reasonable to believe any party would have invested in HDR Farms based on its poor financial condition and the problems with a shareholder and former CEO, Danny Plyler.

<u>Allegation of Mercer's Investment</u>. The Complaint directly, and erroneously, alleged Mercer invested $100,000.00 in XSi USA. [ECF No. 17 at 1-2, ¶ 145, ¶¶ 200-202.] The Plaintiff relied on emails in the Debtor's business records in forming the allegations in the Complaint. [ECF No. 322, 330.] Discovery confirmed Mercer did not invest, although a company owned by Mercer's wife made a $100,000.00 investment in XSi USA.[1]

---

[1] The Plaintiff's Response to the sanctions motion suggests the Plaintiff knew Mercer did not invest before the Complaint was filed. [ECF No. 322 at 1-2, 12.] Counsel said this was a drafting error at oral argument and this fact was not known when the Complaint was filed.

Whether a prefiling investigation is reasonable is a low bar. *Defeo v. Winyah Surgical Specialists, P.A. (In re Defeo)*, C/A No. 4:21-cv-03263-SAL, 2022 U.S. Dist. LEXIS 154017, at *10 (D.S.C. Aug. 25, 2022); *see also Nelson v. Bricker & Eckler LLP (In re D8 2010 Inc.)*, Adv. No. 14-3106, 2017 Bankr. LEXIS 2188, at *35 (Bankr. S.D. Ohio Apr. 6, 2017) (there is a duty to conduct a reasonable investigation subject to the circumstances of the case). It is possible information confirming Mercer did not invest was readily discernible through a more thorough pre-filing investigation, *e.g.*, a Bankruptcy Rule 2004 examination, but that is not required. *See In re Excello Press, Inc.*, 967 F.2d 1109, 1115 (7th Cir. 1992) (pre-filing investigation is not pre-filing discovery).

Further, proof of any investment in XSi USA is in the records of XSi USA, not HDR Farms. There was no showing that Plaintiff had access to the XSi USA investment records. The information does not allow an objective observer to conclude by a preponderance of evidence that the Plaintiff should have discovered Mercer did not invest when the Complaint was filed.

The Likelihood of an Investment in HDR Farms. Cox and Mercer suggest the information regarding HDR Farms' poor financial condition proves it was not reasonable to allege either Cox or Mercer would have invested in the company. HDR Farms was not profitable and could not pay its expenses by December 2019. [ECF No. 275 at ¶ 4.] The company lost approximately $1.5 million in 2019 and could not pay the over $2.1 million due to the investors. [*Id.*]

The existence of the additional theory of recovery – the financial runway – avoids the imposition of sanctions based on this argument. *See also supra* Part II.B.1. The financial runway theory did not depend on an investment in HDR Farms. The Plaintiff surely knew either

9

theory was difficult to prove from the start, but that does not mean the pre-filing investigation was deficient or sanctionable.

Discretion counsels against sanctions based on the pre-filing investigation, but that does not mean there are no repercussions to the litigation decisions. For example, the arguments continued to primarily focus on the diversion theory through the summary judgment stage, which was at least a distraction to the financial runway analysis. [*See, e.g.,* ECF No. 211 (multiple references to an investment by Mercer that did not occur and no evidentiary connection between Mercer and an investment in XSi USA by his wife's company).] *See also In re Wood*, No. 22-8003, 2022 WL 17607099, at *15 (B.A.P. 6th Cir. Dec. 13, 2022) (summary judgment is the time for the parties to guide the court through their arguments). Sanctions are not assessed, but the Plaintiff lost its case on the merits.

### 3. Rule 9011 Does Not Allow the New Arguments in the Reply Brief.

Cox and Mercer filed a Reply brief that raised two new issues. The available information does not indicate these points were addressed in the movants' May 14 safe harbor letter, so they are not allowed by rule. *See* FED. R. BANKR. P. 9011(c)(1)(A). [*See also* ECF No. 267-3.] Regardless, these arguments do not support sanctions even if they were considered.

Cox and Mercer argue the Plaintiff should have known it could not succeed because there were no authorized and unissued shares available for a new investor. But there are other avenues to structure an investment in an entity with financial problems.[2] Cox and Mercer also argue the Plaintiff never intended to collect damages because it did not hire a damages expert. A decision

---

[2] A company could authorize more shares or negotiate subordination of existing debt.

to hire a damages expert is a litigation strategy that may develop after the Complaint was filed and does not assist the Rule 9011 analysis.[3]

### C. The § 1927 Vexatious Litigation Argument Fails for the Same Reasons.

Cox and Mercer make similar arguments for sanctions pursuant to 28 U.S.C. § 1927. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Bankruptcy courts have authority to impose sanctions under § 1927. *Maloof v. Level Propane Gasses, Inc.*, 316 F. Appx. 373, 376 (6th Cir. 2008). Unlike Rule 9011, sanctions are only levied against individual lawyers, not other parties such as the law firm. *In re Schaller*, 595 B.R. 730, 733-734 (Bankr. E.D. Mich. 2019); *BDT Prods. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 751 (6th Cir. 2010).

An attorney's specific actions are reviewed to determine if they were made in bad faith or improperly multiplied the proceedings. *Riddle v. Egensperger*, 266 F.3d 542, 556 (6th Cir. 2001) (quoting *In re Ruben*, 825 F.2d 977, 990 (6th Cir. 1987)). Zealous advocacy is not punished, nor is losing the case. *Tobinick v. Novella*, 207 F. Supp. 3d 1332, 1344 (S.D. Fla. 2016); *see also Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 753 (1980).

The movants argue § 1927 sanctions are supported by the same problems considered for the alleged Rule 9011 violations. The Rule 9011 issues raised do not suggest the movants had to perform significant additional work, even considering the allegation that Mercer invested in XSi

---

[3] This decision also had repercussions: it limited the damages the Plaintiff could pursue against Defendants LauBach and Cozen. [*See* ECF No. 263.]

USA and the discovery violations. The Defendants still had to address the financial runway theory, which existed from the beginning and was only finally adjudicated on summary judgment. [ECF Nos. 261, 262.]

The movants also claim the Plaintiff's counsel multiplied the litigation because it did not properly allege two requirements of an aiding and abetting claim: (i) Cox or Mercer had actual knowledge of the breach and (ii) they substantially assisted the breach. This argument was raised in early motions for summary judgment that were treated as motions to dismiss. [ECF Nos. 30, 31.] The allegations were deemed sufficient then [ECF Nos. 66] and the developed record does not support imposing sanctions now.

Awarding sanctions under § 1927 based on these arguments also does not comport with the American Rule that each party bears its own fees and costs. *See Conz v. Lady*, Case No. 1:98cv 52, 2000 U.S. Dist. LEXIS 22137, at *25 (W.D. Mich. Jan. 25, 2000) (section 1927 is not a fee-shifting statute). The American Rule encourages parties to resort to the courts for recovery, even for novel and difficult arguments. Further, the restrained nature of the American Rule is justified in part by the desire to avoid spawning additional litigation. Here, most of the sanctions arguments touch on issues and positions made in pursuit or defense of the claims throughout the case and particularly on summary judgment.

### D. Mercer's Egregious Conduct Does Not Impact this Decision.

The Response by the Plaintiff reveals extremely distressing and shocking communications from Mercer to or about one of the Plaintiff's lawyers. [ECF No. 322.] This type of conduct is not in any way, shape, or form acceptable in this or any legal proceeding. His lawyers counseled him to stop in late August, but Mercer was apparently emboldened by the summary judgment decision and continued his deplorable activities.

Mercer's actions might justifiably offset any sanctions award, but it is not necessary to decide that issue because there are no sanctions. Counsel for the Plaintiff is commended for taking the (very) high road despite the obviously personal and egregious communications by Mercer.

### III.    Conclusion.

Based on the foregoing, it is ORDERED that Cox and Mercer's Motion for Sanctions [ECF No. 267] is DENIED.

13

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Wednesday, December 28, 2022**
(grs)